UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER D. RUTHERFORD,  )
                             )
        Plaintiff,            )
                             )
    v.                        )    No. 2:14 CV 369
                             )
CLINT A. ZALAS, *et al.*,    )
                             )
        Defendants.           )

## OPINION AND ORDER

This matter is before the court on a "Motion to Strike" filed by plaintiff's former counsel, Andrew U. D. Straw. (DE # 59.) In his motion, Straw states that he is currently facing disciplinary action before the Indiana Supreme Court Attorney Disciplinary Commission. (*Id.* at 1; *In the Matter of Andrew U. D. Straw*, 98S00-1601-DI-00012.) He further states that, although this court never issued any sanctions as to Straw, his actions in this case "became a count" in the disciplinary action. (*Id.* at 2.) Thus, he asks the court to "confirm that this case was important, not 'frivolous'" and to "officially preclude Indiana Supreme Court discipline for having brought this suit." (*Id.* at 1,4.)

During the pendency of this case, Defendants had filed a motion for sanctions against Straw and his client. (DE # 28.) However, prior to its adjudication, the motion was withdrawn pursuant to a settlement agreement between the parties, (DE # 55) and this case was dismissed by stipulation of the parties on February 18, 2015 (DE # 56). Nonetheless, Straw now asks the court to retrospectively opine on the matter and issue

an order stating that his client's case "dealt with an important issue of disability and parenting rights, not a frivolous issue at all." (DE # 59 at 4.)

The relief sought in this motion implicates the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). As the Supreme Court explained, the abstention doctrine reflects Congress's "desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. The scope of this doctrine covers state attorney disciplinary proceedings. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432-37 (1982)); *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 727 (7th Cir. 1999). Therefore, this court must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002)(citing *Middlesex*, 457 U.S. at 432-37).

Applying these factors to the instant motion, the disciplinary proceedings against Straw are ongoing and judicial in nature. *See*, *Crenshaw*, 170 F.3d at 727. Second, attorney disciplinary hearings implicate an important state interest. *Middlesex*, 457 U.S. at 434 ("the [state] has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. States traditionally have exercised extensive control over the professional conduct of attorneys."). Third, the forum provides an adequate opportunity to present constitutional claims; and indeed, Straw makes no argument to the contrary.

As to the fourth factor, Straw appears to argue that the proceedings might be biased against him because he is disabled. (DE # 59 at 3.) He states that he once worked at the Indiana Supreme Court and alleges that the "ADA coordinator . . . attempted retaliation against me for having complained about the disability discrimination in the Indiana Supreme Court."[1] (*Id.*) However, he does not present any argument as to whether or how his disability or the past episode with the ADA Coordinator might negatively impact the present disciplinary proceedings. Without more, such conclusory allegations do not persuade the court that the proceedings are biased or that the Indiana Supreme Court harbors bad faith towards Straw. *Crenshaw,* 170 F.3d at 130 (citing *Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349-50 (7th Cir. 1989) ("[T]o establish her entitlement to the bad faith exception to the *Younger* doctrine, [plaintiff] must allege specific facts to support her inferences of bad faith, bias and retaliation. She must present more than mere allegations and conclusions."). Considering all of the above factors, abstention is appropriate in this matter.

For the foregoing reasons, the motion to strike (DE # 59) is **DENIED.**

                                    **SO ORDERED.**

Date: January 4, 2017

                            s/James T. Moody_____
                            JUDGE JAMES T. MOODY
                            UNITED STATES DISTRICT COURT

---

[1] Straw indicates that the discrimination he faced at the Indiana Supreme Court began after he sustained serious injuries on his way to work at the Court. (DE # 59 at 3.) He states that these injuries, in addition to "poisoning as a child at Camp LeJune," are the reason behind a "vast array of discrimination" against him. (*Id.* at 3-4.)