UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CHRISTOPHER D. RUTHERFORD, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:14 CV 369 |
| CLINT A. ZALAS, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on a motion for reconsideration filed by plaintiff's former counsel, Andrew U. D. Straw. (DE # 62.) For the reasons set forth below, Straw's motion is denied.

On September 3, 2016, Straw filed a motion to strike, explaining that the Indiana Supreme Court Attorney Disciplinary Commission was seeking disciplinary action against him based, in part, on filings he made in this case. (DE # 59.) In his motion, Straw requested that this court "confirm that this case was important, not 'frivolous,'" in order to "officially preclude Indiana Supreme Court discipline for having brought this lawsuit . . . ."[1] (DE # 59 at 1, 4.) On January 4, 2017, this court denied Straw's motion on the basis that the relief he sought ran afoul of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (DE # 61.) On February 14, 2017, Straw's license to practice law was suspended by the Indiana Supreme Court following its finding that Straw had violated an Indiana rule of professional conduct prohibiting attorneys from

---

[1] While Straw styled his motion as a "motion to strike," he neither identified the language he sought to strike, nor the order that was the subject of his motion.

pursuing frivolous issues or proceedings. *Matter of Straw*, 68 N.E.3d 1070 (Ind.), *cert. denied sub nom. Straw v. Indiana Supreme Court*, 137 S. Ct. 2309 (2017), *reh'g denied*, 138 S. Ct. 352 (2017). On July 27, 2017, Straw filed the present motion for reconsideration. (DE # 62.)

Straw moved for reconsideration more than 28 days after this court denied his motion to strike, and therefore his present motion is construed as a motion made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See In re Straw*, 2017 WL 6539217, at *1 (7th Cir. Dec. 21, 2017). Strictly speaking, a "motion for reconsideration" does not exist under the Federal Rules of Civil Procedure. *Hope v. United States,* 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see also Talano v. Nw. Med. Faculty Found., Inc.,* 273 F.3d 757, 760 n.1 (7th Cir. 2001). However, this type of motion is frequently entertained when it is "a request that the court reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). "It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, n.1 (2013).

Straw argues that this court should reconsider its application of the *Younger* abstention doctrine in light of the Seventh Circuit's holding in *Straw v. Indiana Supreme Court*, 692 F. App'x 291, 293–94 (7th Cir. 2017). In that case, the Seventh Circuit held that the *Younger* abstention doctrine did not apply to bar Straw's lawsuit alleging that the Indiana Supreme Court Disciplinary Commission's disciplinary action against him amounted to disability discrimination. *Id.* at 292. Straw fails, however, to identify the critical difference between the denial of his motion to strike in this case, and the holding in *Straw v. Indiana Supreme Court*: namely, the timing of the district court's order. Here, unlike in *Straw*, this court denied Straw's motion to strike *before* the Indiana Supreme Court ruled on his disciplinary action. *Cf. id.* (*Younger* abstention did not apply because the state court proceedings terminated before the district court entered its order). Thus, *Younger* abstention was appropriate in this case.

Straw's motion for reconsideration fails for a second reason: he seeks to strike a holding that this court never issued. Straw claims that the Indiana Supreme Court disciplined him "based in part on *this* Court suggesting that the underlying *Rutherford* case was 'frivolous.'" (DE # 62 at 2 (emphasis in original).) However, this court never made any determination on the merits of this case, much less held that the allegations in the complaint were "frivolous." Rather, this case was dismissed after the parties reached a private settlement agreement and plaintiff voluntarily dismissed his case with prejudice. (DE ## 55-58.)

Moreover, the Indiana Supreme Court did not discipline Straw on the basis that the allegations in this case were frivolous, but rather on other filings he submitted in this case. For example, the Indiana Supreme Court cited this court's denial of Straw's motion for sanctions against defendants for requesting that plaintiff voluntarily dismiss the lawsuit. *Matter of Straw*, 68 N.E.3d at 1072; *see also* (DE ## 2, 7, 12.). The Indiana Supreme Court cited this court's finding that Straw's motion for sanctions was "ridiculous" and "may itself be sanctionable conduct." *Id.* The Indiana Supreme Court also noted its own finding that Straw's response to defendants' motions to dismiss "lacked cogent argument" and noted that several of Straw's filings in this case were stricken as being outside the applicable rules of procedure.[2] *Id.*

Straw has not identified any basis for reconsideration of this court's previous order. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments . . . ." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). For these reasons, the court **DENIES** the motion for reconsideration (DE # 62).

**SO ORDERED.**

Date: December 29, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] The Seventh Circuit recently held that the Indiana Supreme Court's holding that Straw submitted frivolous filings was "amply supported." *In re Straw*, 2017 WL 6539217, at *2 (7th Cir. Dec. 21, 2017).

4